```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )      4:05CR3039
      v.                       )
                               )
THOMAS E. MILLER,              )
                               )      MEMORANDUM AND ORDER
            Defendant.         )
                               )
```

Defendant appeared before me this date and reported that although he had contacted four attorneys, he did not reach an agreement for them to represent him in this case. I therefore determined that the defendant is apparently going to represent himself. Although he is highly educated, his lack of courtroom experience in defending himself or even participating at "formal," procedurally ruled proceedings of any kind make it clear that he should have the assistance of a lawyer admitted to practice in this court.

I shall appoint standby counsel to assist the defendant in representing himself. The duties of standby counsel are to apprise the defendant of the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the rules of practice in this court, and the rules of trial procedure and courtroom decorum. Standby counsel is also responsible to attend the trial with the defendant and to advise him on all of these procedural requirements as the trial progresses. Standby counsel is not responsible to the defendant in the way he would be if he represented the defendant; that is, standby counsel will not speak to the court or the jury in defendant's behalf, such as making an opening statement, interposing objections, arguing

objections, submitting jury instructions, arguing jury instructions, questioning witnesses on either direct or cross examination, filing or arguing motions, making final argument to the trier of fact or, if there is a conviction, filing a notice of appeal. Standby counsel's responsibility to the defendant ends with procedural advice and guidance.

Although the defendant is not indigent, he has made it necessary to have a lawyer appointed for him in order that this case may proceed. He has already, both in court and in papers submitted to the court, demonstrated that he is being guided by others in putting forth what is commonly called "tax protester gibberish." I have advised him that those arguments have uniformly been found to be totally without merit, both by this court and the courts of appeals. I have also advised him that it is not in his interest to continue to file such papers, as he may be accused of abusing the process of this court. Defendant is referred to such cases as United States v. Teeple, 286 F.3d 1047 (8th Cir. 2002) (Tax protester held in contempt by trial court for refusing to turn over business documents; circuit court affirmed, ruling that the act of turning over such records was not sufficiently testimonial to invoke Fifth Amendment privilege); United States v. Brooks, 174 F.3d 950 (8th Cir. 1999) (Defendant believed, from tax protester materials, that he did not have to pay income taxes and took several "evasive" actions, such as forming numerous trusts, to avoid being found an owner of property, but the court of appeals rejected all his arguments and affirmed his conviction); Rosenquist v. Commissioner of Internal Revenue, 175 F.3d 1025 (table) (8th Cir. 1999)( per curiam) ("The government requests that we assess sanctions against appellants for bringing this frivolous appeal based on discredited, tax-protestor arguments. Because the arguments appellants advance for

reversal are clearly lacking in merit and frivolous, we grant the government's motion for sanctions in the amount of $1,000. See 28 U.S.C. § 1912, Fed. R.App. P. 38...."); United States v. Gerads, et al., 999 F.2d 1255 (8th Cir. 1993) (per curiam), cert. den. 510 U.S. 1193 (1994) (Tax protesters were citizens of the United States, not "free citizens of the Republic of Minnesota" not subject to taxes; sanction of $1500.00 imposed for bringing a "frivolous appeal" to the Eighth Circuit) United States v. Ramsey, 992 F.2d 831 (8th Cir. 1993) (Condition of probation that tax protester pay income taxes was proper).

    The government requested that it not be bound to deliver to defendant electronically stored information as discovery in this case until it is known what computer hardware and software would permit the data to be read or is compatible with the government's computer software.  The government did, however, agree to turn over to the defendant hard copies of those documents which have been printed.

    The government indicated that the volume of possibly relevant documents is enormous in this case and will require a good deal of time to disclose to defendant under Fed. R. Crim. P. 16.  Based on that representation, I find the case to be "complex" within the meaning of the Speedy Trial Act, 18 U.S.C. 3161(h)(8)(A) and (B)(ii) and (iv).  It is clear that to require the defendant to go to trial within the time permitted by the Act would result in a miscarriage of justice, as the defendant must have the assistance of a lawyer admitted to practice in this court and the need for counsel and adequate time to prepare for trial outweigh the interest of the defendant and the public in a speedy trial.

IT THEREFORE HEREBY IS ORDERED,

1. The government is excused from any deadline in completing Rule 16 discovery insofar as electronically stored information is concerned. Once defendant's standby counsel has entered an appearance, the attorneys shall work to provide the discovery to the defendant as soon as practicable.

2. This case is exempted from the time limitations of the Speedy Trial Act, 18 U.S.C. Section 3161, et seq.

3. Mr. Leonard Vyhnalek, North Platte, Nebraska is appointed to serve as standby counsel for the defendant.

4. Trial of this case is removed from the trial calendar and will be rescheduled once standby counsel has entered the case and has had an opportunity to meet with the defendant and review documents.

DATED this 19th day of May, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge