```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CR3039 |
| | ) | 4:05CR3091 |
| v. | ) | |
| | ) | |
| THOMAS E. MILLER, | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |
| | ) | |

Defendant has filed a motion for discovery, a motion to extend time limits for examination of the discovery in the case, a motion to appoint an investigator, and a motion in limine. This memorandum and order addresses the first three of the four.

The motion for discovery, as correctly pointed out by the government's brief in opposition, is not properly supported and is not shown to be necessary at this time. The discovery process is under way, but defendant has not yet completed his examination of the voluminous mass of discovery documents. His motion appears to be simply a request for discovery, rather than something that needs to be brought before the court; as such, it is premature. The progression orders in these cases each require that prior to the filing of a motion for discovery or production of evidence, the parties must confer and seek to resolve their differences without the filing of a motion. (See Progression Order, Filing 9, Paragraph 3). In addition, the court's local rules now provide discovery procedures. NECrimR 16.1. In addition, motions must be supported by briefs, and none has been filed. I shall deny the motion, but at such time as specific items or categories of items sought by the defendant are refused

by the government and remain disputed, another motion may be filed, addressing them individually.

Defendant has also moved for a two-year extension of time in which to examine the materials that the government has provided to him, and for the appointment of an investigator to assist him in that examination.  Although at first blush, the request seems outrageous, in light of the volume of materials in these cases, it is not wholly without justification.  Defendant's materials filed with the motion include references to a related case pending in the United States District Court in the District of Oregon, United States v. Ziegler, CR 3-01-00321-KI-1, in which the volume is described as "a little bit over a hundred CD's...," "approximately a million pieces of paper...," filed in "ten large [four-drawer] filing cabinets...."  (Exhibit A to motion, pp.5-6).  There is no evidentiary showing that the volume of documents in this case is that large; nevertheless, both sides have acknowledged that it is a huge volume and includes at least seven CD's.  Obviously such a volume of material will require substantial amounts of time to examine and understand.  The defendant's affidavit notes that "since my right to a speedy trial was waived," the request for additional time is "very reasonable for my defense."  Filings 17 and 42.

During a recent telephone conference with defendant and the prosecutor, it was agreed that to make any realistic assessment of time necessary for potential motions and trial preparation, defendant must have additional time to study the discovery provided to him.  Another conference was scheduled for June. While I am not inclined to grant the defendant anywhere near two years to complete his analysis of the discovery, it is not unreasonable to expect that some additional time will likely be

2

necessary.  I shall reassess the matter as the case progresses, but in light of the fact that additional time has now already been granted, this motion has become largely moot.  As the case develops, additional time will be considered.

Defendant has also moved for the appointment of an investigator to assist him in analyzing the documents provided in discovery.  However, the court is without the authority to appoint such an investigator in the situation at hand, as defendant is not proceeding as a pauper.  Thus, the provisions of 18 U.S.C. § 3006(A) do not apply to this request.

IT THEREFORE HEREBY IS ORDERED,

1.  The defendant's motion for discovery, filing 17 in 4:05cr3091 and filing 42 in 4:05cr3039, is denied.

2.  Defendant's motion for extension of time, filing 17 in 4:05cr3091 and filing 42 in 4:05cr3039, is denied as moot, in light of the court's memorandum and order of March 14, 2006.

3.  Defendant's motion for appointment of an investigator, filing 18 in 4:05cr3091 and filing 43 in 4:05cr3039, is denied.

DATED March 20, 2006.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge