IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3039 & |
| | ) | 4:05CR3091 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM** |
| THOMAS E. MILLER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

I am in receipt of a report from the Bureau of Prisons. That report updates Mr. Miller's status and opines as to his lack of dangerousness. Given that report, I am tentatively inclined to believe that Mr. Miller should be released provided his family is willing to pick him up and care for him. Before I take any further action, however, I will consult with counsel.

Mr. Miller was committed to the Bureau of Prisons by virtue of a provisional prison sentence in 4:05CR3039. In that case, Mr. Miller was found competent to plead guilty and was found guilty. Later, he was found not competent to proceed to sentencing. As a result, a provisional prison sentence for the maximum term of improvement (three years) was imposed. Because the sentence was provisional, I assume that I have the power to withdraw the sentence and discharge Mr. Miller.

In 4:05CR3091, but prior to conviction, I committed Mr. Miller to the Bureau of Prisons because I found that Mr. Miller was incompetent, it was unlikely that his competence would be restored, and a further evaluation of Mr. Miller was required regarding the question of dangerousness. The Bureau of Prisons has now submitted a report indicating that Mr. Miller continues to suffer from a "Cognitive Disorder" and "Microvascular Disease" (dementia) and further stating that "Mr. Miller's unconditional release [in 4:05CR3091] would not pose a substantial risk of bodily injury to another person or serious damage to the property of another due to his mental disease or defect." (Report dated December 4, 2009, received December 14, 2009, at p. 10 of 10.) Therefore, Mr. Miller "does not meet the criteria for commitment pursuant to [18 U.S.C. § 4246]." (*Id.*)

Mr. Miller is now 77 years of age. (*Id.* at p. 1 of 10.) He has been in custody since at least July 28, 2008. (*Id.* at p. 4 of 10.) More recently, Mr. Miller's PSA was found to be elevated and there is a "high likelihood of . . . prostrate cancer . . . but a definitive diagnosis would require a biopsy, which he declined." (*Id.* at p. 5 of 10.) The Report observed that Miller "has continued to present with symptoms of depression" and "he is regularly observed to be sad, and cries frequently." (*Id.* at p. 4 of 10.)

Accordingly,

IT IS ORDERED that:

1. In both cases, the Clerk shall file the report from the Bureau of Prisons as a restricted document and provide copies to counsel.

2. Counsel for Mr. Miller shall consult the Miller family and determine whether they are willing to retrieve Mr. Miller from the Federal Medical Center at Butner, North Carolina, and thereafter care for him at their own costs.

3. Counsel for the government shall consult his superiors to determine whether the government will have any objection to the release of Mr. Miller and the closing of these cases for statistical purposes.

4. My judicial assistant shall schedule a telephone conference with counsel to discuss the foregoing.

Dated December 14, 2009.

                                              BY THE COURT:

                                              *Richard G. Kopf*
                                              United States District Judge